

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 31, 1952

Hon. J. R. Alamia          Opinion No. V-1430
Criminal District Atty.
Hidalgo County             Re: Authority of the County
Edinburg, Texas                Judge to commit a delin-
                               quent boy to the Youth
                               Development Council with-
                               out action by the Juve-
Dear Mr. Alamia:               nile Board.

        Your request for an opinion of this office
relates to the commitment of a juvenile delinquent,
and presents the following questions:

        "Question #1.  Since we have in this
    county two District Courts, should the
    judges of the said two District Courts, to-
    gether with the County Judge of this county,
    meet as a juvenile board and designate one
    of the District Courts as a juvenile court,
    especially since the enactment of the stat-
    ute creating the juvenile board, said board
    has not met and we have at this time a new
    District Judge and a new County Judge?

        "Question #2.  Assuming the facts in
    Question #1, would the County Judge of Hi-
    dalgo County, Texas, being a member of the
    juvenile board of Hidalgo County, have any
    jurisdiction to hear the facts in the above
    mentioned case and commit the boy to Gates-
    ville if his discretion so dictated?

        "Question #3.  Assuming the facts in
    Question #1, could the County Judge of Hi-
    dalgo County, Texas, being a member of the
    juvenile board of this county, have a right
    to hear the facts in the case and then re-
    commend to the District Judge, who has in
    the past heard all cases of juvenile delin-
    quency in this county, that the boy be com-
    mitted to the Gatesville School for Boys?"

        Article 5139B, V.C.S., provides:

"In all counties having a population
of more than one hundred thousand (100,000)
inhabitants, according to the last preced-
ing Federal Census, and bordering on the
Republic of Mexico, the Judges of the Dis-
trict Courts and the County Judges are here-
by constituted a County Juvenile Board.
The members of the County Juvenile Board
shall each be allowed additional compen-
sation in the amount of Fifteen Hundred
($1500.00) Dollars per annum which shall
be paid in twelve (12) equal installments
out of the general funds of the county.
Provided, however, that no member of such
Board shall receive more than Fifteen Hun-
dred ($1500.00) Dollars per annum as com-
pensation for services on such Board."

Section 4 of Article 2338-1, V.C.S., is in
part as follows:

"Section 4. There is hereby estab-
lished as follows in each county of the
State a court of record to be known as
the juvenile court, having such jurisdic-
tions as may be necessary to carry out
the provisions of this Act.

"In all counties having only one (1)
district court and having a juvenile board,
such board shall designate the county court
or the district court to be the juvenile
court for such county, and in all other
counties having only one (1) district court,
but no juvenile board, the county judge and
the district judge of such county shall
designate the county or district court of
such county as the juvenile court. In coun-
ties having two (2) or more district courts
or one (1) or more district courts and one
(1) or more criminal district courts, and
having a juvenile board, such board shall
designate one (1) of such district courts
or criminal district courts to be the juve-
nile court of such county, and in all other
counties having two (2) or more district
courts, or one (1) or more district courts
and one (1) or more criminal district courts,
the judges of such courts and the county

judge of such counties shall designate
one (1) of such district courts or crimi-
nal district courts as the juvenile court
of such county. All such designations
may be changed from time to time by such
boards or such judges as are authorized
herein to make the same, for the conven-
ience of the people and the welfare of minors;
provided, that there shall be at all times
a juvenile court designated for each county.
It is the intent of the Legislature that in
selecting a court to be the juvenile court
of each county, such selection be made as
far as practicable so that the court desig-
nated as the juvenile court will be one
which is presided over by a judge who has a
sympathetic understanding of the problems of
child welfare, and that changes in the desig-
nations of juvenile courts be made only when
the best interests of the public require it."

Hidalgo County has a population of 160,446
inhabitants according to the 1950 Federal Census, and
borders on the Republic of Mexico. Therefore, the
provisions of Article 5139B are applicable and there
is established a juvenile board within the county.
There are also two district courts within the county,
namely the 92nd and 93rd Judicial District Courts.
Section 4 of Article 2338-1, V.C.S., expressly provides
that "in counties having two (2) or more district
courts . . . and having a juvenile board such board
shall designate one of such district courts . . . to
be the juvenile court of such county." Therefore, in
answer to your first question it is our opinion that the
juvenile board should meet and designate one of the
district courts as the juvenile court of Hidalgo County.

Concerning your second question, Section 5
of Article 2338-1, V.C.S., provides that:

"The Juvenile Court shall have exclu-
sive original jurisdiction in proceedings
governing any delinquent child, and such
court shall be deemed in session at all
times."

Articles 1083 through 1093, V.C.C.P., with
regard to jurisdiction of the county court in cases

involving delinquent children, were specifically repealed by Section 24 of Article 2338-1, V.C.S. Based upon these provisions, it is our opinion that the county judge of Hidalgo County, although a member of the juvenile board, has no jurisdiction to hear facts in a particular case and commit a subject to the Youth Development Council.

The general tenor of Article 2338-1, V.C.S., indicates that the Judge of the Juvenile Court has exclusive jurisdiction to conduct the hearing as well as to proceed to completion in every case within the provisions of that statute. Section 13 indicates very clearly that the juvenile court must hear the facts in that it provides:

"The Judge may conduct the hearing in an informal manner and may adjourn the hearing from time to time. In the hearing of any case the general public may be excluded. All cases involving children shall be heard separately and apart from the trial of cases against adults.

"If no jury is demanded, the Judge shall proceed with the hearing. When the proceeding is with a jury, the verdict shall state whether the juvenile is a 'delinquent child' within the meaning of this Act, and if the Judge or jury finds that the child is delinquent, or otherwise within the provisions of this Act, the court may by order entered proceed as follows:"

You are therefore advised in answer to your third question that a child may be adjudged delinquent only after a hearing in the juvenile court and the Judge of that Court is not authorized to enter a judgment upon recommendations of the County Judge without a hearing in the juvenile court.

## SUMMARY

The juvenile board in Hidalgo County, a county with two district courts, must appoint one of the district judges as a juvenile court.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mh

PRICE DANIEL
Attorney General

By Burnell Waldrep
Burnell Waldrep
Assistant